**Stanislav SARKISYANTS,**
**Plaintiff—Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; et al., Defendants—Appellees.**

**No. 05–17403.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 7, 2007 *.

Filed Nov. 19, 2007.

Olumide K. Obayemi, Esq., San Leandro, CA, for Plaintiff–Appellant.

Stephen M. Hayes, Esq., Stephen P. Ellingson, Esq., Hayes Davis Ellington McLay & Scott LLP, Menlo Park, CA, for Defendants–Appellees.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before: KLEINFELD, SILVERMAN, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

The district court correctly ordered summary judgment in favor of State Farm in denying Sarkisyants' claim for breach of an insurance contract. "An insured's compliance with a policy requirement to submit to an examination under oath is a prerequisite to the right to receive benefits under the policy." [1] Sarkisyants did not attend a reasonably requested second examination under oath, despite numerous requests. State Farm fairly denied Sarkisyants' claim after numerous requests and nine reminder letters in nine months.

The district court correctly ordered summary judgment in favor of State Farm in denying Sarkisyants' claim for breach of the implied covenant of good faith and fair dealing. An insurer may be liable for breach of the implied covenant of good faith and fair dealing when it withholds policy benefits unreasonably or without proper cause.[2] State Farm acted reasonably with good cause.

The district court properly denied Sarkisyants' claim for punitive damages. To recover punitive damages, Sarkisyants must prove by clear and convincing evidence that State Farm is guilty of malice, fraud or oppression.[3] Sarkisyants asserts that State Farm denied his claim because of his nationality, but provides no evidence to support this allegation.

Further, we do not take judicial notice of the State Bar of California disciplinary letter offered by Sarkisyants. Generally, we will not take notice of facts outside the district court record.[4] The disciplinary letter was not the result of a judicial proceeding, and therefore we have no reason here to make an exception to this general rule.

AFFIRMED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *Brizuela v. Calfarm Ins. Co.,* 116 Cal. App.4th 578, 587, 10 Cal.Rptr.3d 661 (2004).

2. *California Shoppers, Inc. v. Royal Globe Ins. Co.,* 175 Cal.App.3d 1, 54, 221 Cal.Rptr. 171 (1985).

3. Cal. Civ.Code § 3294(a).

4. *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244,